LAW OFFICE OF

# JAROSLAWICZ & JAROS, LLC

225 BROADWAY, 24TH FLOOR
NEW YORK, NEW YORK 10007

DAVID JAROSLAWICZ
(NY, FL & CA BARS)
ABRAHAM JAROS

(212) 227-2780

ROBERT J. TOLCHIN
OF COUNSEL
RJT@TolchinLaw.com

February 5, 2010

**BY ECF**

Hon. Frederic Block
United States District Judge
United States District Court,
    Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *U.S. v. Ezagui*
         <u>Docket no. 09-CR-185</u>

Dear Judge Block,

      Pursuant to the Court's directive at the close of the trial session yesterday, I am submitting by fax this firm's retainer agreement with Efrayim Steigman for *in camera* review.

      I have marked up the retainer to indicate the portions which I believe are privileged. These portions all contain my assessment of the strengths and weaknesses of the client's claims, and some aspects of my proposed strategy. As such, I believe these portions are privileged.

      I understand that defense counsel is attempting to conjure a defense by portraying my clients as having "gotten their story together" after consulting with a lawyer. However, it is respectfully submitted to the extent this is a valid line of argument (which, of course, it is not; it is mere smoke and mirrors that defense counsel hopes will confuse a jury whom she hopes is unsophisticated), it can be pursued through the testimony of the witnesses. Invading the attorney-client privilege is not necessary.

JAROSLAWICZ & JAROS, LLC								February 5, 2010
												Page 2 of 2

      Moreover, beyond being privileged, the retainer agreement is nothing but hearsay, and is extrinsic to the case. It seems to me that defense counsel is attempting to inject this hearsay material into the case because she does not have the *chutzpah* to call the author of the document—me—as a witness. Of course, even if she did call me as a witness she would not be permitted to inquire about what I told my clients or what they told me, or my thoughts or strategies. So why should the defendant be able to circumvent this obvious privilege and get these same thoughts and strategies to the jury through the retainer agreement?

                                        Respectfully yours,

                                                *S/*

                                        Robert J. Tolchin

Cc:		All counsel by ECF