# HAFETZ & NECHELES
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110

TELEPHONE: (212) 997-7595
TELECOPIER: (212) 997-7646
E-MAIL: info@hafetzlaw.com

FREDERICK P. HAFETZ
SUSAN R. NECHELES

ERIC D. DOWELL
JOSHUA R. GELLER
NOAH E. SHELANSKI
TRACY E. SIVITZ

February 5, 2010

<u>Via ECF</u>

Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

    Re:    <u>**United States v. Eliyahu Ezagui, No. 09-CR-185**</u>

Dear Judge Block:

    I write this brief letter in response to Mr. Tolchin's letter of today's date.

    Mr. Tolchin's objections as to why he should not produce the retainer letter signed by Mr. Steigman have no merit.

    The retainer letter is not hearsay because it is not being offered for the truth of the statements therein. Rather, it is being offered to show that Mr. Tolchin told his clients (1) what the facts of the case are, and (2) that the clients agreed to use a criminal prosecution to attempt to win the civil cases against Mr. Ezagui. Conversely, the letter certainly *is not* being offered to show that Mr. Tolchin's statements about the facts regarding this case are truthful or that Mr. Steigman in fact agreed to go to the criminal authorities. The relevance is that this is what Mr. Tolchin was saying to his clients.

    Thus, the retainer letter is relevant for two reasons.

    First, the fact that Mr. Tolchin set forth *his* summary of the facts of the case in the retainer letter is powerful evidence for the defense showing why all of the government witnesses who claim to have bought these apartments are testifying to virtually the same story. The witnesses have the same story, we will argue, because their civil lawyer told them that this is what they needed to say in order to win their civil cases against Mr. Ezagui.

Honorable Frederic Block
2/5/10
Page 2 of 2

 Mr. Tolchin may not like this defense, and may think that it is "smoke and mirrors," but it is a defense that Mr. Ezagui is permitted to attempt to establish in a criminal case. This is particularly critical in a case such as the instant one where the government is likely to argue in summation that there are a number of witnesses who testified that Mr. Ezagui sold them the apartments, and that it is implausible to believe that they all coordinated their testimony. The defense is entitled to counter-argue that the retainer letter shows exactly how this story was coordinated amongst all of the witnesses—by Mr. Tolchin telling the witnesses what they needed to say in their defense. (Indeed, I note that it is extraordinary that a retainer letter tells the client what the facts of the case are. I never before have seen this in a retainer letter).

 Second, the fact that the witnesses signed a retainer agreement with Mr. Tolchin stating that among the tactics that Mr. Tolchin might use to win the civil cases is to bring the allegations about Mr. Ezagui to criminal authorities is highly relevant to the *motive* of the witnesses testifying in this case. The defense will argue that the witnesses are attempting to win their civil cases through this criminal case.

 With respect to Mr. Tolchin's claim that this retainer letter is privileged, we submit that it lost that privilege when Mr. Tolchin gave out drafts of the letter to people who were free to give those drafts to third parties, such as myself.

 Finally, with respect to portions of the retainer letter that may contain Mr. Tolchin's assessment of the strength or weakness of this case, we do not object to those sections of the retainer letter being redacted.

Respectfully submitted,

*/s/ Susan R. Necheles*

Susan R. Necheles